# SHEPHERD *v.* MAY.

IN ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued November 11, 1885.—Decided November 23, 1885.

A conveyance of real estate subject to a deed of trust executed by the vendor to secure the payment of a note, does not, without words importing that the vendee assumes the payment of the note, subject the latter to any liability to pay it.

An express promise made to the vendor by the vendee of real estate conveyed to him subject to a deed of trust executed to secure a debt, that he will pay the debt, does not, without the assent of the creditor, make the vendee the principal debtor, and the vendor the surety.

Where a deed of trust, executed to secure the note of the grantor, provided that in default of payment the trustee should sell the property on these terms : "The amount of indebtedness secured by said deed of trust unpaid, with expenses of sale, in cash, and the balance at twelve and eighteen months," and the proceeds of the sale made by the trustee were less than the amount due on the note, the holder was not estopped to deny that his note was satisfied by the payment to him of such proceeds.

This was an action at law brought by John Frederick May, the defendant in error, against Alexander R. Shepherd, the plaintiff in error, to recover a balance due on a promissory note.

The facts disclosed by the bill of exceptions were, in substance, as follows : On April 26, 1875, May lent Shepherd $10,000, whereupon Shepherd made and delivered to May a note of that date and amount, payable to his order two years after date, with interest at ten per cent. per annum, payable quarter-yearly until paid. To secure the payment of the note, Shepherd on the same day conveyed to two trustees, with power to sell, in default of the payment of the note, a certain improved lot in the city of Washington of which he was the owner, and which May at that time believed to be good security for the money lent. This deed of trust provided that, if default was made in the payment of the note or the interest, the trustees should sell the property thereby conveyed at public sale, on the following terms : "The amount of indebtedness secured by said deed of trust unpaid, with the expenses of sale, in cash, and the balance at twelve and eighteen months, for which the notes of the purchaser, bearing interest from the day of sale, . . . shall be taken."

Before the maturity of the note, Shepherd sold the lot to Gilbert C. Walker, and by deed dated August 1, 1876, for the consideration, as stated in the deed, of $30,000, the receipt of which was acknowledged, conveyed the same to him. The deed to Walker was made "subject to a certain deed of trust dated the twenty-sixth day of April, A. D. 1875, . . . for the sum of ten thousand dollars," being the same deed of trust executed by Shepherd to secure his note to May. The deed contained a covenant by Shepherd to defend the premises con-

veyed against the claim of all persons claiming under the grantor, " save and except the aforesaid deed of trust." Shepherd paid the interest on his note to May as it accrued up to the time of his sale to Walker, and after that time Walker paid the interest until the maturity of the note. When the note fell due, Walker came to May and told him that "he had the note to pay," and asked May to extend the time of payment for one year; and thereupon May extended the note for one year, Walker agreeing to pay interest thereon at the rate specified in the note. Walker paid the interest upon the note for the year, and at the end of that time asked a further extension for another year. May agreed to extend the time of payment for nine months at the same rate of interest, which Walker agreed to pay, but he paid no interest for this period. There was no evidence that Shepherd consented to these extensions of time for the payment of his note.

At the end of the nine months allowed by May to Walker for the payment of the note, upon default made, the property covered by the deed of trust was advertised and sold by the trustees. It was purchased by May for the sum of $8500, to whom it was conveyed by the trustees by deed dated May 19, 1879. After crediting the note with the net proceeds of sale, May brought this suit against Shepherd to recover the balance which he claimed to be due thereon. The jury returned a verdict for May for $3163.28, on which the court rendered judgment. Shepherd, by the present writ of error, challenged the correctness of that judgment.

*Mr. William F. Mattingly* and *Mr. A. C. Bradley* for plaintiff in error.—Walker having purchased the property from Shepherd subject to the indebtedness secured thereon, which he agreed to pay, May, with full knowledge of these facts, acquiesced in the arrangement, and agreed with Walker to extend the time of payment of the note, first for one year, and then for nine months, at the same rate of interest, ten per cent. We claim that under these circumstances Walker became the principal debtor, and Shepherd the surety for the payment of the note, and that the extension for a definite time, for a valid con-

sideration, without Shepherd's consent, released him from all liability on the note. *Millerd* v. *Thorn*, 56 N. Y. 402; *Colgrove* v. *Tallman*, 67 N. Y. 95; *Oakeley* v. *Pashlee*, 10 Bligh. N. S. 548, 580, 581; *Metz* v. *Todd*, 36 Mich. 473; *Calvo* v. *Davies*, 73 N. Y. 211; *George* v. *Andrews*, 60 Maryland, 26. Formal words need not be used to show that the purchaser of mortgaged premises assumed the payment of the mortgage. The assumption may be established by circumstances, and a parol or verbal promise is sufficient. *Moore's Appeal*, 88 Penn. St. 450; *Bolles* v. *Beach*, 2 Zabr. (22 N. J. L.) 680; *Drury* v. *Tremont Improvement Co.*, 13 Allen, 168; *Brewer* v. *Dyer*, 7 Cush. 337. It is competent to show by parol testimony the true relations that parties to commercial paper bear to the debt evidenced by it; that one who signs as maker is in fact a surety, and the holder of the note, with notice of this relation, is bound to act accordingly. *Harris* v. *Brooks*, 21 Pick. 195; *Guild* v. *Butler*, 127 Mass. 386; *Wheat* v. *Kendall*, 6 N. H. 504; *Hubbard* v. *Gurney*, 64 N. Y. 457, 460; *Lime Rock Bank* v. *Mallett*, 34 Maine, 547. In this case, under his assumed relations to the debt, Walker became liable upon it to suit at law by May. *Brewer* v. *Dyer, supra; Barker* v. *Bucklin*, 2 Denio, 45; *Lawrence* v. *Fox*, 20 N. Y. 268; *Burr* v. *Beers*, 24 N. Y. 178; *Ross* v. *Kennison*, 38 Iowa, 396; *Crumbaugh* v. *Kugler*, 3 Ohio St. 544; *Thompson* v. *Thompson*, 4 Ohio St. 333. Walker, a stranger to the note, thus becoming liable to May for its payment, this of itself was a new consideration to May, and a good consideration for the extension. *Boyd* v. *Freize*, 5 Gray, 653.

The note bore ten per cent. interest until paid, and its extension, at the same rate of interest, for Walker, was for a sufficient consideration and binding. *German Savings Association* v. *Helmrick*, 57 Missouri, 100; *Wood* v. *Newkirk*, 15 Ohio St. 295, 298; *Fawcett* v. *Freshwater*, 31 Ohio St. 637; *Fay* v. *Tower*, 58 Wisc., 293. Our usury law is contained in §§ 713, 714, 715, 716, Rev. Stat. U. S. relating to the District of Columbia. The contract for the extension was not for a usurious consideration; but even if it were, the payments implied, and were each a sufficient consideration for a promise to

forbear for the respective periods for which the interest was paid, and each of such extensions was sufficient to discharge the surety, Shepherd. *Oates* v. *National Bank*, 100 U. S. 239, 248; *Wild* v. *Howe*, 74 Missouri, 551. The authorities are uniform upon this question. For each quarter of the first extension of one year the entire interest specified in the note and agreed to be paid by Walker, in consideration of the extension, was paid. The contract if usurious was not void, it was voidable at the option of the debtor, and not at the option of the creditor. Such payment discharged the surety. *Lemmon* v. *Whitman*, 75 Ind. 318, and cases cited therein.

The plaintiff claims a balance due on the note after crediting what he says were the proceeds of sale under the deed of trust of the property of which he became the purchaser, and obtained a deed which recites that the property was sold in accordance with the terms prescribed by the deed of trust, and that he became the purchaser at such sale, and has fully complied with the terms of sale. The deed of trust prescribed that the terms of sale shall be the amount of the note and expenses of sale in cash, and the plaintiff is estopped to say that the note is not paid. *Fitch* v. *Baldwin*, 17 Johns. 161, 166; *Freeman* v. *Auld*, 44 N. Y. 50; *Dundas* v. *Hitchcock*, 12 How. 256. A party cannot occupy inconsistent positions, and where one has an election between inconsistent courses of action he will be confined to that which he first adopts. Any decisive act of the party done with knowledge determines his election and works an estoppel. The plaintiff cannot hold that property, and say that the note is not paid. *Breeding* v. *Stamper*, 18 B. Mon. 175; *Phillips* v. *Rogers*, 12 Met. 405; *Horton* v. *Davis*, 26 N. Y. 495.

The 4th and 5th exceptions show that the property was worth more than sufficient to pay the debt, and that the plaintiff bought it in at such bid as he saw fit to make, and in view of the terms of the deed of trust the evidence was admissible to show payment of the debt by the sale.

*Mr. Andrew B. Duvall* for defendant in error.

MR. JUSTICE WOODS delivered the opinion of the court. After stating the facts in the language above reported, he continued:

The first contention of the plaintiff in error is, that by reason of the transactions stated in the bill of exceptions, Walker became the principal debtor of May, and Shepherd became his surety, and as May, upon a valid contract with Walker, extended the time for the payment of the note without the consent of Shepherd, the latter was thereby discharged.

The plaintiff in error sought upon the trial to give effect to this contention by asking the court to direct the jury to render a verdict in his favor. The court having refused to do this, the refusal is now assigned for error.

We have under this assignment of error to decide whether, by the mere conveyance of the premises in question to Walker by Shepherd, subject to the encumbrance created by the deed of trust, Walker became bound to May as principal debtor, and Shepherd became his surety. We are of opinion that the conveyance of the premises to Walker did not subject him to any liability to May whatever. To raise such a liability as is contended for by Shepherd there must be words in the deed of conveyance from which, by fair import, an agreement to pay the debt can be inferred. This was expressly held in *Elliott* v. *Sackett*, 108 U. S. 132, where Mr. Justice Blatchford, in delivering the judgment of this court, said : " An agreement merely to take land, subject to a specified encumbrance, is not an agreement to assume and pay the encumbrance. The grantee of an equity of redemption, without words in the grant importing in some form that he assumes the payment, does not bind himself personally to pay the debt. There must be words importing that he will pay the debt to make him personally liable." To the same effect see *Belmont* v. *Coman*, 22 N. Y. 438 ; *Fiske* v. *Tolman*, 124 Mass. 254 ; *Hoy* v. *Bramhall*, 4 C. E. Green, 74, 78 ; *Fowler* v. *Fay*, 62 Ill. 375. There are no such words in the deed made by the plaintiff in error to Walker.

Neither is there any other sufficient evidence of any agreement between Walker and Shepherd, whereby the former undertook to pay the debt of the latter to May. The remark

made by Walker to May, when he asked to have the time for the payment of the note extended, that " he had it to pay," falls far short of showing any such agreement. As he had bought the property, subject to the encumbrance of the deed of trust, for the consideration of $30,000, which, as appears by the deed to him, he had paid to Shepherd, he might well say that he had the encumbrance to pay without admitting or meaning that he had become personally liable to Shepherd to pay it. His words may be fairly construed to mean that he had the encumbrance to pay or would have to lose the property on which he had already paid $30,000 of the purchase money. But, even if Walker had said to May that he was liable for the debt, his admission would not have been binding on May so as to establish the fact without other proof. And if Walker had expressly promised May to pay the debt, that would not, without the assent of May, have converted Shepherd from a principal debtor into a surety merely. *Cucullu* v. *Hernandez,* 103 U. S. 105 ; *Rey* v. *Simpson,* 22 How. 341. The only way in which Walker could become the principal debtor of May, and Shepherd the surety, was by the mutual agreement of all three. There is no proof of any such agreement. It follows that, as the relation of principal and surety did not exist between Walker and Shepherd, the latter was not discharged from his liability to May by the contract of May with Walker to extend the time for the payment of the money due on Shepherd's note. But even if it had been shown that Shepherd had become the surety of Walker it was incumbent on the former to show as a part of his defence that the indulgence given by May to Walker was without his assent. *Sprigg* v. *Bank of Mount Pleasant,* 14 Pet. 201 ; *Bangs* v. *Strong,* 7 Hill, 250 ; *S. C.,* 42 Am. Dec. 64 ; *Cox* v. *Mobile &c. Railroad Co.,* 37 Ala. 320, 323. There was no proof of want of assent. The defence therefore failed.

It is next contended by the plaintiff in error that May is estopped to deny that the note sued on is not paid in full, because the deed of conveyance made to him by the trustees recites that the property was sold to him in accordance with the terms of the deed of trust, and the deed of trust declared

that the terms of sale should be the amount due on the note of Shepherd, and the expenses of sale in cash, and the balance on a credit of twelve and eighteen months. This contention is based on the theory that the clause of the deed of trust executed by Shepherd prescribing the terms of sale, and which merely showed his expectation that the property would bring, at least, the amount of the note and expenses of sale, estopped May from denying that the property would, and actually did, bring that amount. There is no estoppel. The proposition amounts to this, that when a mortgagor represents to his mortgagee that the property mortgaged is sufficient security for the debt, and the mortgagee, relying upon the representation, accepts the security, and it turns out that the proceeds of the mortgaged property are insufficient to pay the debt, he is estopped to deny that his debt is paid. The statement of the proposition is its answer. The authorities referred to upon this contention* by counsel for Shepherd are cited to sustain the proposition, that a person who accepts a deed of conveyance is estopped to deny recitals therein contained. But as there is no recital in the deed that May had agreed that the property should bring a sum sufficient to pay his note, he is not estopped to deny that the note is paid.

*Judgment affirmed.*

———————

* *Note by the Court.*—*Fitch* v. *Baldwin*, 17 Johns. 161; *Freeman* v. *Auld*, 44 N. Y. 50; *Dundas* v. *Hitchcock*, 12 How. 256.