# UNION MUTUAL LIFE INSURANCE COMPANY
## *v.* HANFORD.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF ILLINOIS.

No. 25.  Argued and submitted March 26, 1891. — Decided February 29, 1892.

Under the law of Illinois, a grantee who by the terms of an absolute conveyance from the mortgagor assumes the payment of the mortgage debt, is liable to an action at law by the mortgagee; the relation of the grantee and the grantor towards the mortgagee is that of principal and surety; and therefore a subsequent agreement of the mortgagee with the grantee, without the assent of the grantor, extending the time of payment of the mortgage debt, discharges the grantor from all personal liability for that debt.

THIS was a bill in equity, filed March 30, 1878, by the Union Mutual Life Insurance Company, a corporation of Maine, against Philander C. Hanford, Orrin P. Chase, Frederick L. Fake and Lucy D. Fake, his wife, citizens of Illinois, to foreclose by sale a mortgage of land in Chicago, and to obtain a decree for any balance due the plaintiff above the proceeds of the sale. Fake and wife were defaulted, and Hanford and Chase answered. The case was heard upon a master's report and the evidence taken before him, by which (so far as is material to be stated) it appeared to be as follows :

On September 9, 1870, Hanford and Chase mortgaged the land to one Schureman to secure the payment of three promissory notes of that date, signed by them, and payable to his order, one for $5000 in one year, and the second for $5000 in two years, each with interest at the rate of eight per cent annually ; and the third for $6000 in three years, with interest at the rate of ten per cent annually.

On January 30, 1871, (the first note having been paid,) the plaintiff, through one Boone, its financial agent, bought the mortgage, and Schureman indorsed the remaining notes and assigned the mortgage to the plaintiff.

On September 9, 1872, Hanford and Chase conveyed the land to Mrs. Fake by deed of warranty, "with the exception of and subject to" the mortgage, (describing it,) "which said mortgage or trust deed, and the notes for which the same is collateral security," (describing them,) "it is hereby expressly agreed shall be assumed and paid by the party of the second part, and when paid are to be delivered fully cancelled to said Chase and Hanford."

At or about the date of this conveyance, Chase called with Fake at Boone's office, and told him that Hanford and Chase had sold the property to Mrs. Fake, and that she was to pay the mortgage, and Boone, as Chase testified, "said 'all right,' or something of that sort." At the same interview, Boone, as the plaintiff's agent, in consideration of $150 paid him by Chase, extended the $5000 note until September 9, 1874.

Fake, as his wife's agent, afterwards paid interest on the notes to Boone, as the plaintiff's agent; and on January 9, 1875, for the sum of $340, obtained from him, without the knowledge of Hanford or Chase, an extension of the notes until September 9, 1875.

The principal defence relied on by Hanford and Chase was that they were discharged from personal liability on the notes by this extension of the time of payment without their consent.

The value of the mortgaged premises in September, 1874, was $18,000 to $19,000, and at the date of the master's report in April, 1879, was $10,000 to $15,000 only.

The land was sold by the master, under order of the court, for $12,000, which was insufficient to satisfy the sums due on the mortgage; and the plaintiff, after notice to Hanford and Chase, moved for a deficiency decree for a sum amounting, with interest, to more than $5000. The Circuit Court overruled the motion. 27 Fed. Rep. 588. The plaintiff appealed to this court.

*Mr. P. S. Grosscup* and *Mr. Frank L. Wean* for appellant, submitted on their brief.

The appellees, being at the inception of the notes the principal debtors, continued, notwithstanding the assumption by Lucy D. Fake, to be personally liable thereon, and the appellant never lost the right to proceed directly upon the personal obligation. *Ober* v. *Gallagher*, 93 U. S. 199; *Vansant* v. *Allmon*, 23 Illinois, 30.

The assumption of the notes by Lucy D. Fake, at most, added only another principal obligor to the debt. It did not change the obligation of the appellees from that of being principal obligors to that of being sureties merely. *Shepherd* v. *May*, 115 U. S. 505; *Cucullu* v. *Hernandez*, 103 U. S. 105; *Sprigg* v. *Bank of Mt. Pleasant*, 10 Pet. 255; *Sprigg* v. *Bank of Mt. Pleasant*, 14 Pet. 201; *Corbett* v. *Waterman*, 11 Iowa, 86; *Waters* v. *Hubbard*, 44 Connecticut, 340; *Conwell* v. *McCowan*, 81 Illinois, 285; *Crawford* v. *Edwards*, 33 Michigan, 354.

An extension of time for the payment of the indebtedness to one principal debtor does not discharge a co-debtor, who is also a principal, from his obligation upon the debt. *Shepherd* v. *May*, 115 U. S. 505; *Cucullu* v. *Hernandez*, 103 U. S. 105; *Sprigg* v. *Bank of Mt. Pleasant*, 10 Pet. 255; *S. C.* 14 Pet. 201; *Corbett* v. *Waterman*, 11 Iowa, 86; *Waters* v. *Hubbard*, 44 Connecticut, 340; *Wilson* v. *Foot*, 11 Met. (Mass.) 285; *Draper* v. *Weld*, 13 Gray, 580.

*Mr. Walter H. Smith* for appellees. *Mr. J. H. McGowan* was with him on the brief.

Mr. Justice Gray, after stating the case as above, delivered the opinion of the court.

Few things have been the subject of more difference of opinion and conflict of decision than the nature and extent of the right of a mortgagee of real estate against a subsequent grantee who by the terms of the conveyance to him agrees to assume and pay the mortgage.

All agree that the grantee is liable to the grantor, and that, as between them, the grantee is the principal and the grantor

is the surety for the payment of the mortgage debt. The chief diversity of opinion has been upon the question whether the grantee does or does not assume any direct liability to the mortgagee.

By the settled law of this court, the grantee is not directly liable to the mortgagee, at law or in equity; and the only remedy of the mortgagee against the grantee is by bill in equity in the right of the mortgagor and grantor, by virtue of the right in equity of a creditor to avail himself of any security which his debtor holds from a third person for the payment of the debt. *Keller* v. *Ashford*, 133 U. S. 610; *Willard* v. *Wood*, 135 U. S. 309. In that view of the law, there might be difficulties in the way of holding that a person who was under no direct liability to the mortgagee was his principal debtor, and that the only person who was directly liable to him was chargeable as a surety only, and consequently that the mortgagee, by giving time to the person not directly and primarily liable to him, would discharge the only person who was thus liable. *Shepherd* v. *May*, 115 U. S. 505, 511; *Keller* v. *Ashford*, 133 U. S. 610, 625. But the case at bar does not present itself in that aspect.

The question whether the remedy of the mortgagee against the grantee is at law and in his own right, or in equity and in the right of the mortgagor only, is, as was adjudged in *Willard* v. *Wood*, above cited, to be determined by the law of the place where the suit is brought. By the law of Illinois, where the present action was brought, as by the law of New York and of some other States, the mortgagee may sue at law a grantee who, by the terms of an absolute conveyance from the mortgagor, assumes the payment of the mortgage debt. *Dean* v. *Walker*, 107 Illinois, 540, 545, 550; *Thompson* v. *Dearborn*, 107 Illinois, 87, 92; *Bay* v. *Williams*, 112 Illinois, 91; *Burr* v. *Beers*, 24 N. Y. 178; *Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 253. According to that view, the grantee, as soon as the mortgagee knows of the arrangement, becomes directly and primarily liable to the mortgagee for the debt for which the mortgagor was already liable to the latter, and the relation of the grantee and the grantor, towards the mortgagee, as

well as between themselves, is thenceforth that of principal and surety for the payment of the mortgage debt. Where such is held to be the relation of the parties, the consequence must follow that any subsequent agreement of the mortgagee with the grantee, without the assent of the grantor, extending the time of payment of the mortgage debt, discharges the grantor from all personal liability for that debt. *Calvo* v. *Davies*, 73 N. Y. 211; *Home National Bank* v. *Waterman*, 134 Illinois, 461, 467.

The case is thus brought within the well settled and familiar rule that if a creditor, by positive contract with the principal debtor, and without the consent of the surety, extends the time of payment by the principal debtor, he thereby discharges the surety; because the creditor, by so giving time to the principal, puts it out of the power of the surety to consider whether he will have recourse to his remedy against the principal, and because the surety cannot have the same remedy against the principal as he would have had under the original contract; and it is for the surety alone to judge whether his position is altered for the worse. 1 Spence Eq. Jur. 638; *Samuell* v. *Howarth*, 3 Meriv. 272; *Miller* v. *Stewart*, 9 Wheat. 680, 703. The rule applies whenever the creditor gives time to the principal, knowing of the relation of principal and surety, although he did not know of that relation at the time of the original contract; *Ewin* v. *Lancaster*, 6 B. & S. 571; *Oriental Financial Corporation* v. *Overend*, L. R. 7 Ch. 142, and L. R. 7 H. L. 348; *Wheat* v. *Kendall*, 6 N. H. 504; *Guild* v. *Butler*, 127 Mass. 386; or even if that relation has been created since that time. *Oakeley* v. *Pasheller*, 4 Cl. & Fin. 207, 233; *S. C.* 10 Bligh N. R. 548, 590; *Colgrove* v. *Tallman*, 67 N. Y. 95; *Smith* v. *Shelden*, 35 Michigan, 42.

In the case at bar, the mortgagee, immediately after the absolute conveyance by the mortgagors, was informed of and assented to that conveyance and the agreement of the grantee to pay the mortgage debt, and afterwards received interest on the debt from the grantee; and the subsequent agreement by which the mortgagee, in consideration of the payment of a sum of money by the grantee, extended the time of payment

of the debt, was made without the knowledge or assent of the mortgagors. Under the law of Illinois, which governs this case, the mortgagors were thereby discharged from all personal liability on the notes, and the Circuit Court rightly refused to enter a deficiency decree against them.

*Decree affirmed.*