# DAHLGREN v. NATIONAL SAVINGS & TRUST COMPANY.

EXECUTORS AND ADMINISTRATORS; DECEDENT'S DEBTS; LIABILITY OF REAL ESTATE; EXTENSION OF TIME.

1. A bill in equity to enforce a debt against a decedent's real estate, which

discloses that he left personal assets, is insufficient, where by statute the personal assets are made primarily liable for debts. (Following *Glenn* v. *Sothoron*, 4 App. D. C. 125.)

2. The unenforceability of a promissory note against the real estate of a decedent who left sufficient personal assets to pay it is not affected by the fact that, two years after the maker's death, his universal legatee and devisee, in her individual capacity, procured an extension of the time for payment, and thereafter other extensions, during the period covered by which the personal assets were dissipated, where it also appears that the note was secured by deed of trust on real estate, and that the holder was satisfied with the security, and elected to resort to that rather than terminate the loan and resort to such other legal remedies as he might have. .

No. 2562.  Submitted November 5, 1913.  Decided December 1, 1913.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia sustaining a demurrer to a bill in equity to subject certain real estate held by defendant as trustee to the payment of a claim of the complainant.                                      *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree in the supreme court of the District sustaining the demurrer of the National Savings & Trust Company, appellee, to appellant's bill to subject certain real estate held by the appellee as trustee, to the payment of a claim of appellant.

On November 4, 1889, William C. Hill, of this city, executed a promissory note payable three years after date, for $30,000, and secured by a deed of trust upon certain real estate in this city.  Mr. Hill died on August 30, 1890, and by his will made his wife, Alice S. Hill, his universal legatee and devisee, and appointed her sole executor.  On November 4, 1892, over two years after the death of Mr. Hill, this note matured.  Prior to its maturity, according to the averments of the bill, the date of payment was extended to November 4, 1898, "the said extension being signed by said Martha M. Read (to whom the note

had then been assigned) and Alice S. Hill, by their respective attorneys." Two more five-year extensions were made under the same circumstances, the last extension expiring on November 4, 1908. The bill avers that "all the said extensions were made at the written request of the said Alice S. Hill, acting in her individual capacity  *  *  *." Mrs. Hill died on August 8, 1904, leaving a last will and testament, under which the appellee now holds in trust the real estate here sought to be charged. The bill further sets forth that the appellant became the bona fide holder and owner of said note, and that, on the 15th of March, 1910, said note then being long overdue, foreclosure of the real estate under the deed of trust was made, and the property sold at public auction for the sum of $27,500, leaving a balance of $6,481.81, which, with interest, is here sought to be charged against the real estate left by Mrs. Hill.

It is further averred that all the real estate here sought to be reached was devised to Mrs. Hill by her husband, the maker of this note; that before the death of Mrs. Hill, she, as executrix of the last will of her husband, had disposed of all of his personal property subject to execution for debt.

*Mr. Conrad H. Syme* and *Mr. John Ridout* for the appellant.

*Mr. F. W. McReynolds* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Sec. 96 of the Code [31 Stat. at L. 1204, chap. 854] is as follows: "When any person shall die leaving any real estate in possession, remainder, or reversion, and not leaving personal estate sufficient to pay his debts, the said court, on any suit instituted by any of his creditors, may decree that all the real estate left by such person, or so much thereof as may be necessary, shall be sold to pay his debts." A like statute was construed by the court of appeals of Maryland, and it was there held that the real estate of the debtor is protected, unless the personal assets are insufficient; and that, to authorize the

chancellor to pass a decree to sell the real estate to pay the
debts of the deceased, *the bill must allege an insufficiency of
personal assets for that purpose,* and must sustain that allega-
tion by proof; that the jurisdiction of the court is dependent
upon this averment.   *Wyse* v. *Smith,* 4 Gill & J. 295; *Griffith*
v. *Frederick County Bank,* 6 Gill & J. 444.   And this view was
adopted in *Glenn* v. *Sothoron,* 4 App. D. C. 125, 134.   In that
case it appeared from the averments of the bill that there was
no deficiency of the personal assets, and the court ruled that it
necessarily followed that no case was presented to justify a
decree for the sale of the real estate.   Here it inferentially ap-
pears that William C. Hill did leave personal assets, for it is
averred that, prior to the death of Mrs. Hill, "she had disposed
of all of his personal property subject to execution for. debt."
The case therefore is ruled by the decision in *Glenn* v. *Sothoron.*
Let us for a moment, however, subject to analysis the reasons
advanced by appellant why this case should not be governed
by the general rule.   He says that three five-year extensions of
this note were made, and that during that time the personal
estate of Mr. Hill was dissipated, and, hence, that we should
now treat the case as though there had been no personal estate.
But under what circumstances were these extensions made?
Apparently the parties never met, since the business was trans-
acted through their attorneys.   When. the first extension was
made, Mr. Hill had been dead for more than two years, and yet
no effort was made to charge his personal estate.   Nor is that
all. ·The extension was not made by Mrs. Hill in her capacity
as executrix, but, according to the express averments of the bill,
it was made in her individual capacity.   This transaction did
not render her liable on the note.   *Shepherd* v̇. *May,* 115 U. S.
505, 29 L. ed. 456, 6 Sup. Ct. Rep. 119.   Nor did the subse-
quent payment of interest by Mrs. Hill change the situation.
*Elliott* v. *Sackett,* 108 U. S. 132, 142, 27 L. ed. 678, 682, 2
Sup. Ct. Rep. 375; *Metropolitan Nat. Bank* v. *St. Louis Dis-
patch Co.* 149 U. S. 436, 447, 37 L. ed. 799, 803, 13 Sup. Ct.
Rep. 944.   It is apparent, therefore, that the holder of this
note, when this first extension was made, and subsequently, was

satisfied with the security, and elected to resort to that rather than terminate the loan and take advantage of other remedies which the law afforded. We find nothing in the circumstances of the case warranting the intervention of a court of equity, and therefore sustain the decree, with costs.        *Affirmed.*