## No. 9423.

### SMITH, ET AL. *v.* DAVIS.

1. MORTGAGOR—*Assumption Of—Effect.* Purchaser assuming a mortgage of lands thereon is liable to an action by the mortgagee. The original debtor, in such case, becomes a mere surety, and is released by an extension of the time of payment of the mortgage debt, without his consent.

2. PRINCIPAL AND AGENT—*When the Relation Exists.* The evidence examined, and held to establish the proposition that one assuming authority from a creditor to grant an extension of the time of payment was authorized thereunto.

3. EVIDENCE—*Presumptions.* An agency once established is presumed to continue, in the absence of the evidence of its termination.

*Error to Weld District Court, Hon. Neil F. Graham, Judge.*

*Department One.*

Mr. JOHN R. SMITH, Mr. B. J. FORD, Mr. H. B. WOODS, for plaintiffs in error.

Mr. CHARLES K. PHILLIPPS, for defendant in error.

Opinion by Mr. Justice Teller.

PLAINTIFFS in error were makers of a promissory note to the order of defendant in error, which they secured by a deed of trust on a tract of land.

Before the maturity of the note they conveyed the land to one Ruck who assumed the note. One Webb, a real estate agent and friend of Davis, took some part in the making of the loan, being brought into the transaction by Davis, and subsequently assumed to act as the agent of defendant in error.

The note not having been paid, the defendant in error brought suit against the makers of it, and Ruck, as well as several other parties not concerned in this review.

A decree of foreclosure was entered with provision for a deficiency judgment against the makers of the note.

The defense was that the plaintiff had, without the consent of these defendants, extended the time of payment, by an agreement with Ruck, thus exonerating the makers of the note, who, upon Ruck's assuming their obligation, became mere sureties. It is settled in this jurisdiction that a grantee of land who assumes and agrees to pay a note secured thereby, may be sued directly by the holder of such note.

*Starbird v. Cranston,* 24 Colo. 20, 48 Pac. 652.

In such a case the maker of the note becomes a mere surety who will be relieved of liability on it by an extension of the time of payment without his consent.

*U. M. L. Ins. Co. v. Hanford,* 143 U. S. 187, 36 L. Ed. 118, 112 Sup. Ct. 437.

Defendant in error does not deny that the result above stated would follow if he had, in fact, granted such extension, but denies that it was granted.

It appears that a short time prior to the maturity of the note, the makers of it applied to Webb, assuming that he was the agent of the payee,—for an extension, or renewal of the loan; that he communicated the request to Davis, the payee, who wrote directly to one of the makers, consenting to the extension. Later a demand was made by

Webb for $30.00 "as a commission for extending the note." Thereupon one of the makers wrote to Davis protesting that he had not made the payment of a commission a condition of the extension. Davis returned the letter to the writer with the indorsement, "Send Mr. Webb ½ part, which is $15.00." Before the expiration of this renewal, for one year, Ruck secured from Webb another extension, paying him $60.00 therefor, and paying to him, also, the year's interest. The following year the interest was paid to Webb, and the sum of $60.00 for another extension.

The case turns upon the question of Webb's authority to grant these extensions. If, upon the facts in evidence he was the agent of Davis, the makers of the note, not having consented to these extensions, are not liable.

Upon the material facts there is no conflict in the evidence, and whether or not an agency is established by the undisputed facts in a question of law.

Davis testified that Webb wrote him asking if he would "extend the note one more year," and that he replied in the affirmative. That was the extension granted to the makers of the note. Then they wrote Davis, as above recited, and he cut down the charge for the extension by one-half. By so doing he determined what that charge should be; that is, he made the charge $15.00. If the commission demanded by Webb had been his compensation for securing the extension, as agents of the makers of the note, Davis would have no right to say what the charge should be. From the fact that the plaintiffs in error wrote him protesting against any commission, and that he met their protest by reducing the charge, it is evidence that they all considered Webb as the agent of Davis in the transaction. They were right in so considering him.

It appearing, then, that Webb was at that time the agent of Davis in the matter of the extension, was he his agent in giving the extensions to Ruck?

"Ordinarily, so long as the purpose of the agency has not been fulfilled, as originally contemplated, the agent's

powers continue, unless he has definitely and finally failed in his attempt to accomplish that purpose." 31 Cyc. 1292.

The agency, as established, covered the collection of interest, and the granting or refusal of extensions. That it was continued for the two years above mentioned, we may infer from the fact that at the end of each extension of time of payment, Webb collected the interest, granted an extension and collected a charge therefor.

Davis, in the meantime, though the note, according to its tenor, was long past due but for the three extensions, took no steps to collect it.

The agency of Webb having been established, and his subsequent acts being in the line of his agency, there being no evidence of the termination of the agency, it must be held to have continued, and, to have covered the transactions in question.

The extensions to Ruck were, in legal effect, given by Davis, and thereby the makers of the note were, as sureties, absolved from liability on it.

The decree is therefore reversed so far as it imposes a liability upon the plaintiffs in error.

Reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.