---

## In re ROTH.

(District Court, N. D. Ohio, E. D.   June 8, 1920.)

No. 6858.

1. **Principal and surety ☞115(1)—Release of security for debt releases surety only pro tanto.**

    A release by the creditor of property pledged or mortgaged to pay a debt releases a surety for that debt only pro tanto, so that a release of property which was of no value does not release the surety.

2. **Courts ☞372(9)—Whether mortgagor is only surety after assumption by grantee is not question of local law.**

    The question whether a mortgagor, who had sold mortgaged property to a grantee, who assumed and agreed to pay the mortgage, is thereafter only a surety for the mortgage debt, is not a question of local law, as to which the decisions of the highest court of the state in which the land is situated are made, by the Judiciary Act (Comp. St. § 1538), the rule of decision in the federal courts, but is one of general jurisprudence, with respect to which the federal courts will determine what is the correct rule.

3. **Mortgages ☞283(2)—Mortgagor, being only surety for grantee assuming debt, is discharged by discharge of latter.**

    Mortgagor, who had conveyed the property to a grantee, who assumed the debt and agreed to pay it, is thereafter, under the weight of authority and in principle, only a surety for the payment of the debt, and the release of the obligation of the grantee by the mortgagee, with knowledge of the assumption of the debt, releases the mortgagor.

In Bankruptcy. In the matter of Pauline H. Roth, bankrupt. On petition by the bankrupt to review and reverse an order of the referee allowing a claim of the Euclid Builders' Supply Company as a general debt against the bankrupt's estate. Order reversed.

W. R. Godfrey, of Mills, Knight & Godfrey, of Cleveland, Ohio, for claimant.

Irwin Loeser, of Mooney, Hahn, Loeser & Keough, of Cleveland, Ohio, for bankrupt.

WESTENHAVER, District Judge. The bankrupt, Pauline H. Roth, brings this petition to review and reverse an order of the referee allowing a claim of the Euclid Builders' Supply Company as a general debt against the bankrupt estate. The referee's findings of fact are not challenged. The bankrupt was the owner of a leasehold estate situated in Cleveland, Ohio, subject to two prior mortgages not now involved in this controversy. She executed a third mortgage thereon to secure a past-due note of $1,704.78, owing to the Euclid Builders' Supply Company, and another past-due note of $3,200, owing to the

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Barner-Mead Lumber Company. The Supply Company learned of this mortgage only some time after it had been executed and recorded. Later the bankrupt conveyed the leasehold estate absolutely to the Lumber Company; it assuming and agreeing to pay, by stipulation therein contained, all the prior mortgages thereon, including the indebtedness to the Supply Company. The Lumber Company, discovering at some later date that the leasehold estate did not have a value sufficient to pay more than the first two mortgages, induced the Supply Company to make an agreement whereby it released the third mortgage, and also released the Lumber Company from the obligation it had assumed to pay the indebtedness thereby secured. These releases were made without the knowledge or consent of the original mortgagor. The referee further finds that the value of the premises did not exceed the first two mortgages, so that the release of the third mortgage did not damage the bankrupt estate.

The Euclid Builders' Supply Company filed proof of its indebtedness secured by this released mortgage as a general debt. The allowance thereof was resisted upon the ground that the Supply Company's action in releasing the mortgage and also the personal obligation of the Lumber Company to pay the same, operated as a discharge of the mortgagor. The referee, on the authority of Denison University v. Manning, 65 Ohio St. 138, 61 N. E. 706, overruled this contention and made the order of allowance, which is now under review.

[1] The release of the mortgage, if it stood alone, might be disregarded, for the reason that no loss appears to have resulted therefrom to the bankrupt or her estate. The rule seems to be settled that a release by the creditor of property pledged or mortgaged to pay a debt releases a surety for that debt only pro tanto. See Evans v. Kister (6 C. C. A.) 92 Fed. 828, 35 C. C. A. 28; Wood v. Brown (8 C. C. A.) 104 Fed. 203, 43 C. C. A. 474; Brown v. First National (8 C. C. A.) 132 Fed. 450, 66 C. C. A. 293; Day v. Ramey, 40 Ohio St. 446; Teeters v. Lamborn, 43 Ohio St. 144, 1 N. E. 513. Here, however, the creditor has released the grantee's personal obligation, and this raises a different question.

Two different views exist and have been applied to cases in which a mortgagor conveys the mortgaged premises subject to the mortgage and the grantee assumes and agrees to pay the mortgage indebtedness to the mortgagee. The one supported by the great weight of authority is that, as between themselves, the grantee becomes the principl debtor primarily liable for the debt, and the mortgagor becomes a surety with all of the consequences flowing from the relationship of principal and surety. According to this view, the mortgagee may treat both of them as his debtors, and may enforce liability against either, or he may merely stand upon his legal rights and do nothing, without altering his relationship to the original debtor; but, after receiving notice of the assumption by the grantee of the indebtedness to him, he must thereafter, in dealing with the grantee, recognize and observe the suretyship relation between him and the original mortgagor. If, therefore, without the consent of the mortgagor, he enters into a valid agreement with the grantee whereby he extends the time for the payment of the

indebtedness, or alters the terms of the original obligation which the grantee had· assumed, or releases the grantee from his obligation to pay, then the well-settled rule applicable between principal and surety operates to release the mortgagor from further liability. A full review of the authorities supporting this view is unnecessary. It will be sufficient to refer to a few of them, and to certain text-books and notes, where others can be found. See 3 Pomeroy, Equity Jurisprudence (4th Ed.) § 1206; 78 Am. Dec. note, 72–90; 16 L. R. A. 85; 4 L. R. A. (N. S.) 670, note; 9 Ann. Cas. 259, note; George v. Andrews, 60 Md. 26, 45 Am. Rep. 706; Marriam v. Miles, 54 Neb. 566, 74 N. W. 861, 69 Am. St. Rep. 731; Fanning v. Murphy, 126 Wis. 545, 105 N. W. 1056, 4 L. R. A. (N. S.) 666, 110 Am. St. Rep. 946, 5 Ann. Cas. 435; Pratt v. Conway, 148 Mo. 296, 49 S. W. 1028, 71 Am. St. Rep. 602; Calve v. Davies, 73 N. Y. 211, 29 Am. Rep. 130; Home National Bank v. Waterman, 134 Ill. 461, 467, 29 N. E. 503.

[2] The referee states that a different view is held and was announced in Denison University v. Manning, 65 Ohio St. 138, 61 N. E. 706; Boardman v. Larrabee, 51 Conn. 39, James v. Day, 37 Iowa, 164. Apparently considering the question one to be determined by the decisions of the court of last resort in Ohio, he adopted and followed this Ohio decision. It is there announced that an extension of time given by the mortgagee to the grantee, who has agreed to pay the debt, will not, even if valid, release the mortgagor. The reason for this conclusion is stated to be that the relation of the mortgagor to the mortgagee is not changed from that of principal to surety as respects the mortgagee, but that the latter may extend time to the grantee, or even release the grantee without impairing any of the mortgagee's rights as against the mortgagor. The opinion and syllabus both undoubtedly announce this as the law, but it may also be noted that no valid agreement to extend the time of payment such as would release a surety was either pleaded or proved, and the case might better have been decided on this ground alone. The holding also is scarcely consistent with Poe v. Dixon, 60 Ohio St. 124, 54 N. E. 86, 71 Am. St. Rep. 713, and Emmitt v. Brophy, 42 Ohio St. 88.

The question involved, however, is not one of local law as to which the decisions of the state Supreme Court are by the Judiciary Act (Comp. St. § 1538) made the rule of decision in the federal courts, but is one of general jurisprudence, with respect to which the latter will inquire and determine what is the correct rule. See Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865 and B. & O. R. R. Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772. In Clement v. Willett, 105 Minn. 267, 17 L. R. A. (N. S.) 1094, 127 Am. St. Rep. 562, 15 Ann. Cas. 1053,[1] it was held that a provision in a deed whereby the grantee assumes and agrees to pay an existing mortgage is not a covenant which runs with the land, but is only a personal contract to assume and pay a debt. In Russell v. Southard, 12 How. 148, 13 L. Ed. 927, it was held that whether a deed absolute in form, conveying real estate, is to be regarded in equity as a mortgage only, is a question of general jurisprudence, and not of local law, as to which the decisions of the

[1] 117 N. W. 491.

state court in which the land is situated are binding upon the federal courts. See, also, 3 Rose's Notes, to case of Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865.

[3] My difficulty has not been in determining that the question is one of general jurisprudence and not of local law, nor in determining that the majority rule is the one which is sound in principle, but in determining whether or not the U. S. Supreme Court has stated a federal rule on the subject. In determining this last question the following cases should be examined: Hendrick v. Lindsay, 93 U. S. 143, 23 L. Ed. 855; National Bank v. Grand Lodge, 98 U. S. 123, 25 L. Ed. 75; Shepherd v. May, 115 U. S. 505, 6 Sup. Ct. 119, 29 L. Ed. 456; Keller v. Ashford, 133 U. S. 610, 10 Sup. Ct. 494, 33 L. Ed. 667; Willard v. Wood, 135 U. S. 309, 10 Sup. Ct. 831, 34 L. Ed. 210; Mutual Life Ins. Co. v. Hanford, 143 U. S. 187, 12 Sup. Ct. 437, 36 L. Ed. 118; Johns v. Wilson, 180 U. S. 440, 21 Sup. Ct. 445, 45 L. Ed. 613; Equitable Surety Co. v. McMillan, 234 U. S. 448, 34 Sup. Ct. 803, 58 L. Ed. 1394. I have given to these cases a most careful examination. In Keller v. Ashford are found some expressions which tend to support Denison University v. Manning, notwithstanding a decree was entered in favor of the mortgagee against the grantee. In others it is assumed, and correctly, that whether an action by the mortgagee against the grantee should be at law or in equity is controlled by the law of the forum. In Mutual Life Ins. Co. v. Hanford it seems to be assumed that the question of the relationship of the grantee to the mortgagee after the latter has notice is one of local law, to be determined by the decisions of the state court of last resort, rather than one of general jurisprudence. This, it seems to be conceded, is an error.

All of these cases, however, are reviewed in Johns v. Wilson, and the real questions involved and decided in the previous cases are therein stated to be in accordance with my understanding of them and in harmony with the general rule. In Johns v. Wilson, Mr. Justice Brown, delivering the opinion (180 U. S. 447, 21 Sup. Ct. 447, 45 L. Ed. 613), reviewing Keller v. Ashford and prior cases, says:

"That under the equitable doctrine that a creditor shall have the benefit of any obligation or security given by the principal to the surety for the payment of the debt, the mortgagee was entitled to avail himself of an agreement in a deed of conveyance from the mortgagor, by which the grantee promised to pay the mortgage. This is upon the theory that the purchaser of land subject to the mortgage becomes the principal debtor, and the liability of the vendor, as between the parties, is that of surety."

Further referring to Union Mutual Life Ins. Co. v. Hanford, he says:

"The material question in that case was whether the giving of time to the grantee, without the assent of the grantor, discharged the latter from personal liability. It was held that it did, citing Shepherd v. May."

Nor do I perceive any good reason why the law as thus stated is not sound in principle. The mortgagee, it is true, is not a party to the agreement of assumption entered into between the mortgagor and his grantee, and the latter cannot, by any act alone of theirs, make him a party thereto, or impair any of his original rights. He may stand upon

his rights, and enforce his debt against the original mortgagor; he may stand ready to receive payment from any one, including the grantee, and may from time to time accept payment from him; and, if he does nothing more, his mere laches or failure to collect will not impair his remedies against his original debtor, the mortgagor. He may also, either at law or in equity, according to the practice of the forum, sue the grantee on his assumption of the debt. So far all of the authorities are agreed.

On the other hand, if, after learning of the change of relationship effected by the agreement between the mortgagor and mortgagee, he sees fit to enter into contractual relations with the grantee, then he, in a sense, makes himself a party thereto, and must in so contracting and henceforward deal with the parties in view of that changed relationship. This imposes upon him no hardship, and does not against his will alter his original contract. If he by this contract with the grantee or thereafter releases the grantee, or by valid agreement extends the grantee's time of payment, or otherwise alters the terms of the original obligation, no good reason is perceived why the rule applicable as between principal and surety should not be applied to him. The mortgagor, like any other surety called upon to make payment, is entitled to have surrendered unimpaired all securities and remedies which the creditor holds, including in this case both the mortgage and the personal obligation of the Lumber Company to pay the mortgagor's debt to the Supply Company. His rights as against his principal debtor are impaired by the voluntary and intentional act of the mortgagee.

For these reasons the order of the referee is reversed. An exception may be noted.