## DE LEON et al. v. RHINES et ux.
### No. 6204.

United States Court of Appeals for the District of Columbia.

Argued Oct. 4, 1934.

Decided Dec. 3, 1934.

Samuel M. Boyd, of Washington, D. C., for appellants.

George E. C. Hayes, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment for the defendants in an action brought by appellant to recover a deficiency judgment on a promissory note secured by a deed of trust.

It appears that on June 2, 1927, Margaret C. Dumas, since deceased, sold and conveyed certain real estate situate in the District of Columbia to John T. Rhines and wife, and received in part payment of the purchase price a promissory note signed by the purchasers payable to the order of Mrs. Dumas in the sum of $10,750, secured by a second deed of trust upon the property. That on October 19, 1928, Mr. and Mrs. Rhines sold the real estate to Ellen B. Brown, who took the title subject to the second trust, but did not promise or assume to pay the debt thereby secured. That by a subsequent sale made in April, 1929, Mrs. Brown conveyed the property subject to the second trust to William A. Cameron, who by the terms of the conveyance to him assumed and covenanted to pay the second trust note. That in March, 1932, the second trust being in default, the property was sold at trustees' sale for the sum of $3,000, subject to a first trust of $7,000, and the net proceeds of the sale, being $2,229.59, were credited on the second trust note, leaving a balance of $8,725.71 due upon the note. In April, 1932, Mrs. Dumas, as plaintiff, began the present action in the lower court against Mr. and Mrs. Rhines, as defendants, to recover from them the sum thus remaining due and unpaid upon the note.

The defendants denied liability upon the note, alleging that by reason of the conveyance to Cameron and his assumption of the trust indebtedness, he, Cameron, had become liable as the principal upon the note, and the defendants were then liable as his sureties. They alleged that subsequently without their knowledge and consent Mrs. Dumas had extended the time of payment of the note by agreement with Cameron, and that the defendants thereby were released from their obligation as sureties, and were no longer liable upon the note.

The case was tried to the jury and at the close of the evidence the plaintiff Mrs. Dumas asked for a directed verdict, which the court denied, to which ruling exceptions were duly taken. The jury returned a verdict for the defendants and judgment was entered accordingly, whereupon this appeal was taken.

In our opinion the plaintiff below was entitled to a directed verdict upon the evidence, and the court erred in denying her motion for such an order.

It appears that in the entire transaction Dr. Dumas, husband of the plaintiff Margaret C. Dumas, acted as her agent; that Dr. Dumas knew of the sale of the property to Mrs. Brown at the time it was made and had no objection to it; that from the time of that sale until in March, 1932, Mr. and Mrs. Rhines paid no further attention to the property nor heard from Dr. Dumas about it; that they had no dealings of any kind with Cameron and had no knowledge of any transactions between Cameron and Dumas.

That Dr. Dumas was absent from Washington when Cameron bought the property from Mrs. Brown and knew nothing of the sale until his return, when he "contacted" Cameron several months later as to payments to be made on the second-trust note; and, as testified by Cameron, Dr. Dumas on December 2, 1931, "granted him a moratorium or a suspension of payments due from that time until August 15, 1932," explaining that this did not have to do with payments that had fallen due but with payments accruing during that period; that Cameron had no communication with Mr. and Mrs. Rhines concerning the transactions; and that neither he nor Dr. Dumas, when this "moratorium" was granted, communicated with Mr. and Mrs. Rhines concerning it.

■ The defense in this case rests upon the claim that Cameron became the principal debtor upon the note in question and Mr. and Mrs. Rhines became his sureties when he, Cameron, took title to the property by deed of Mrs. Brown, with the assent of Mrs. Dumas, and assumed to pay and discharge the second-trust note. This claim of the defendants is not supported by the facts or law of the case. Shepherd v. May, 115 U. S. 505, 6 S. Ct. 119, 121, 29 L. Ed. 456; Keller v. Ashford, 133 U. S. 610, 10 S. Ct. 494, 33 L. Ed. 667; Union Mutual Life Ins. Co. v. Hanford, 143 U. S. 187, 12 S. Ct. 437, 36 L. Ed. 118.

In Shepherd v. May, supra, a case arising in the District of Columbia, it appeared that on April 26, 1875, May lent Shepherd $10,000, for which Shepherd executed to May his promissory note for that amount payable two years after date with interest, and in order to secure the payment of the note, Shepherd executed a deed of trust upon certain property situate in the District of Columbia. Before the maturity of the note, Shepherd sold the property to Walker, and by deed dated August 1, 1876, conveyed the same to him subject to the trust. When the note fell due, Walker told May, the creditor, that he "had the note to pay," and asked May to extend the time of payment for one year, whereupon May extended the note for one year, Walker agreeing to pay interest thereon at the rate specified in the note. There was no evidence that Shepherd consented to this extension of time for the payment of the note. The note was not paid when due, and the property was sold under the deed of trust, and May brought suit against Shepherd to recover a deficiency judgment. It was claimed by Shepherd that by force of the conveyance of the property to Walker, with the assent of May, Walker had become the principal debtor in the note and Shepherd had become his surety, and that the subsequent extension of time of payment granted to Walker by May, without the knowledge of Shepherd, released the latter from liability upon the note. This contention was rejected by the Supreme Court. The court in its opinion said: "The only way in which Walker could become the principal debtor of May, and Shepherd the surety, was by the mutual agreement of all three. There is no proof of any such agreement. It follows that, as the relation of principal and surety did not exist between Walker and Shepherd, the latter was not discharged from his liability to May by the contract of May with Walker to extend the time for the payment of the money due on Shepherd's note." Citing Cucullu v. Hernandez, 103 U. S. 105, 26 L. Ed. 322; Rey v. Simpson, 22 How. 341, 16 L. Ed. 260.

In Kaufman v. Penn Mutual Life Ins. Co., 62 App. D. C. 37, 39, 64 F.(2d) 160, 162, certiorari denied, 289 U. S. 763, 53 S. Ct. 793, 77 L. Ed. 1506, we said: "Moreover, it is established by the great weight of authority in England and the United States that an extension of time granted by the holder of a note by a contract with a third person, not a party to the note, does not have the effect of releasing a guarantor upon the note even if made without his knowledge or consent. This conclusion rests upon the principle that the terms of the note as between the creditor and principal debtor are not altered by an agreement with a third person not a party to the instrument, and consequently that the guarantor in such case loses none of the rights secured to him as against either the creditor or principal debtor because of the extension. The rule is supported by abundant authority that a guarantor upon a note is not released by an extension of time, without his consent, unless made by an agreement of the creditor with the principal debtor upon the note."

In Wolfe v. Murphy, 47 App. D. C. 296, we held by a majority opinion that a mortgagor does not, by virtue of an agreement with his grantee whereby the latter assumes the debt, cease to be a principal and become a surety as to the mortgagee, so as to be released by an extension of time of payment given without his knowledge or consent to the grantee by the mortgagee, even though given with knowledge of the grantee's assumption of the debt. See, also, Denison University v. Manning, 65 Ohio St. 138, 148, 149, 61 N. E. 706.

According to the principles thus enunciated, as applied to the present case, the only way whereby Cameron could have become the principal debtor in the obligation of Rhines was by the mutual agreement of Dumas, Cameron, and Mr. and Mrs. Rhines. It conclusively appears in the record that Mr. and Mrs. Rhines had no knowledge of the conveyance to Cameron when made, nor of the extension granted to him, and were not parties to any agreement whereby Cameron should become principal debtor and they should become sureties upon the note held by Dumas. Under these circumstances Mr. and Mrs. Rhines were not discharged from their liability to Mrs. Dumas as principals upon the note.

█ Moreover, it appears that Cameron, under the circumstances, never became legally liable to Mrs. Dumas upon the note in question either as principal or otherwise. In the conveyance which Mr. and Mrs. Rhines executed to Mrs. Brown, the latter did not promise or obligate herself to pay the indebtedness secured by the second trust. Therefore she did not become liable personally to pay the note (19 R. C. L., p. 380, § 151). Therefore there was no privity of contract between Brown and Dumas in respect to the debt. In the deed of conveyance executed by Mrs. Brown to Cameron it was stipulated that Cameron assumed to pay the trust debt, but it is established by competent authority that under these circumstances Cameron did not become liable upon the debt to Mrs. Dumas inasmuch as his grantor, Mrs. Brown, was not personally liable thereon, and accordingly there was no privity of contract between Cameron and Mrs. Dumas. Mr. and Mrs. Rhines accordingly remained the sole obligors upon the debt.

This identical issue was before this court in the case of American Security & Trust Co. v. Ferrero, 45 App. D. C. 84. The plaintiff therein sued to recover a deficiency judgment from the defendant for the sum remaining unpaid after the sale of mortgaged premises under a trust deed. It appeared that on July 12, 1912, the plaintiff trust company had conveyed to one Cryer certain premises located in the District of Columbia and received as part of the consideration four notes for $5,000 each, and that Cryer executed a trust deed upon the premises as security for the payment of the notes; that afterwards, on October 2, 1912, Cryer conveyed the premises to Norment, who took the conveyance subject to the trust, but without assuming the payment of the debt; that afterwards, on October 21, 1912, Norment conveyed the premises to the defendant Ferrero, who accepted a deed, containing a stipulation that the grantee assumed the payment of the trust notes; that the notes became due and the property was sold at trustees' sale, and, after applying the proceeds of the sale upon the notes, there remained a balance due on the last note of $2,975.73. Thereupon the trust company brought this action against Ferrero to recover this deficiency. We held that there was no privity between Ferrero and the American Security & Trust Company; that Norment was under no obligation to pay the notes, and there was no consideration for Ferrero's promise to assume the payment of the same. Citing Second National Bank v. Grand Lodge F. & A. M., 98 U. S. 123, 25 L. Ed. 75. We therefore held that Ferrero was not liable to the trust company for the deficiency remaining after the foreclosure proceedings, and judgment was entered accordingly.

See 2 Jones on Mortgages, § 950 (8th Ed.); Eakin v. Shultz, 61 N. J. Eq. 156, 47 A. 274; Young Men's Association v. Croft, 34 Or. 106, 55 P. 439, 75 Am. St. Rep. 568; Colorado Savings Bank v. Bales, 101 Kan. 100, 165 P. 843; Garnsey v. Rogers, 47 N. Y. 233, 7 Am. Rep. 440; Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195; Clement v. Willett, 105 Minn. 267, 117 N. W. 491, 17 L. R. A. (N. S.) 1094, 127 Am. St. Rep. 562, 15 Ann. Cas. 1053; Fry v. Ausman, 29 S. D. 30, 135 N. W. 708, 39 L. R. A. (N. S.) 150, Ann. Cas. 1914C, 842.

It is plain that inasmuch as Cameron never became liable to the mortgagee, Dumas, upon the second trust note, Mr. and Mrs. Rhines could not have become his sureties thereon, and that they remained as before the only debtors upon the note so far as the plaintiff Dumas was concerned.

The judgment of the lower court is reversed, and the cause is remanded for such proceedings as are consistent with this opinion.

480

GRONER, Associate Justice.

I concur on the authority of Wolfe v. Murphy, 47 App. D. C. 296. The doctrine announced there has been accepted as the law in the District of Columbia for more than fifteen years, and to disturb it now would doubtless create more confusion than advantage, but I am constrained to say that if the question were new, I should reach a wholly different conclusion. See Union Ins. Co. v. Hanford, 143 U. S. 187–190, 12 S. Ct. 437, 36 L. Ed. 118.