298

SCHWARTZ v. BROWN et al.
No. 719.

Municipal Court of Appeals for the
District of Columbia.
Feb. 17, 1949.

Philip Shinberg, of Washington, D. C.,
for appellant.

S. Jay McCathran, Jr., of Washington,
D. C., for appellees Brown.

No appearance entered for appellees
Wells.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Walter A. Brown, Jr., and Ruth M. Brown, hereinafter referred to as the broker, acted as agents in the leasing of certain store property owned by Charles G. and Etta S. Wells in April 1943. The lease provided that "Walter A. Brown, as agent, shall receive five (5%) per cent commission of all rentals paid under this lease, any renewal or assignment thereof or the continued occupancy of the premises by said lessee, his heirs, administrators or assigns," and it was to run from April 15, 1943, to April 14, 1945, with an option in the lessee for a renewal of two additional years; this option the lessee exercised.

The lease also provided that in the event of the sale of the property the lease could be terminated by giving a sixty-day notice to the lessee. In August 1946 Wells sold the property to defendant Samuel Schwartz, the contract of sale providing that the sale was "subject to the present lease." Soon thereafter Schwartz caused his vendors Wells to give the lessee a sixty-day termination notice in accordance with the lease terms. Tenant then negotiated directly with Schwartz and obtained from him a new five-year lease at an increased rental.

The broker sued Schwartz for the commission allegedly due him on the rents paid by the tenant under the new lease. He claimed commission on all rents paid and to be paid until the expiration of the new lease in October 1951, less $175.75 which represented rentals theretofore collected by him. Defendant Schwartz joined the former owners as third party defendants, alleging in his third party complaint that "if he is liable to plaintiffs herein * * *, then his liability was caused by the third party defendants and the said third party defendants are then liable to Samuel Schwartz." The trial court found for plaintiff in the full amount claimed, on the ground that defendant Schwartz purchased the premises subject to existing tenancies and with knowledge that the lease provided for the payment of commissions to the agent. He also found for the third party defendants Charles G. and Etta S. Wells against Schwartz as third party plaintiff. Schwartz appeals.

■ Appellee urges that in buying the property "subject to the present lease" Schwartz obligated himself for the commission which the former owners Wells had agreed to pay. But it is generally held that the making of a new lease operates as a surrender of an older one.[1] Here Schwartz bought the property subject to a lease which gave him the right as purchaser to terminate the lease. He exercised that right and put an end to the lessee's tenancy. Then, as he had the undoubted right to do, he entered into a new lease with the tenant on new terms and for an extended period. The broker had nothing to do with the new lease. And even if it could be said that the clause as to commission remained in force after the old lease itself was terminated we do not see how the broker could

collect under such clause. It was only a side agreement between the owner and the broker, inserted into the lease. It had no greater effect than if it had been written into a separate paper. It did not make of the lease a contract for the benefit of the broker. The broker was at most a mere incidental beneficiary and as such had no right to claim under the lease. As Williston has pointed out:

"It sometimes happens that a person who is neither the promisee of a contract nor the party to whom performance is to be rendered will derive a benefit from its performance. Such a person is neither a donee beneficiary nor a creditor beneficiary, but belongs to the third type—the incidental beneficiary."[2]

And he proceeds to quote from Restatement, Contracts, § 147, as follows:

"An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee."

The courts have consistently taken the same view and have ruled that in order to acquire the right of suit a plaintiff must be a direct, as distinguished from a mere incidental, beneficiary.[3]

■■ Moreover it must be remembered that the purchaser Schwartz never agreed to assume any obligation to pay the broker a commission; he merely bought the property "subject to" the lease. The Supreme Court has held that "an agreement merely to take land, subject to a specified incumbrance, is not an agreement to assume and pay the incumbrance", and that "there must be words importing that he will pay the debt, to make him personally liable." Elliott v. Sackett, 108 U.S. 132, 2 S.Ct. 375, 380, 27 L.Ed. 678; Shepherd v. May, 115 U.S. 505, 6 S.Ct. 119, 29 L.Ed. 456. That

[1] Tiffany on Landlord and Tenant, § 190 b(1) (a); Jones on Landlord and Tenant, §§ 542, 545; 32 Am.Jur., Landlord and Tenant, § 910; 51 C.J.S., Landlord and Tenant, § 124 c.

[2] 2 Williston, Contracts, § 402 (Rev. Ed.).

[3] Hall v. Gardiner, 75 U.S.App.D.C. 226, 126 F.2d 227; Sachs v. Ohio Nat. Life Ins. Co., 7 Cir., 148 F.2d 128, 158 A.L.R. 688, certiorari denied 326 U.S. 753, 66

S.Ct. 92, 90 L.Ed. 452; Vilter Mfg. Co. v. Loring, 7 Cir., 136 F.2d 466; Tilney v. City of Chicago, 7 Cir., 134 F.2d 682, certiorari denied 320 U.S. 759, 64 S. Ct. 66, 88 L.Ed. 452; Percival v. Luce, 9 Cir., 114 F.2d 774; In re A. C. Becken Co., 7 Cir., 75 F.2d 681; Sayward v. Dexter, Horton & Co., 9 Cir., 72 F. 758; Shapiro Bros. Factors Corporation v. Automobile Ins. Co., D.C., D.N.J., 40 F.Supp. 1.

ruling applies even more strongly here because the commission clause in the lease could not and did not establish an obligation having the dignity of an "incumbrance." And since there were no "words importing that he will pay" the commission, there was no liability on his part to do so.

In the stenographic transcript there is a reference to a counterclaim filed by defendant against the plaintiff broker. Such counterclaim does not appear in the record before us. Apparently the trial judge did not rule on the counterclaim, and probably in the view he took of the whole case it was not necessary to do so. However, in view of our decision it will now be necessary for the trial court to consider the counterclaim and make such decision thereon as is proper.

Reversed for further proceedings in accordance with this opinion.