J. E. SEELEY, APPELLEE, V. ANDREW WICKSTROM ET AL.,
IMPLEADED WITH BANK OF WILCOX, APPELLANT.

FILED NOVEMBER 18, 1896.  No. 6911.

1. **Mortgage:** EVIDENCE OF PAYMENT.  Evidence examined, and *held* to
sustain a finding that a mortgage in controversy had not been paid
and thereafter delivered to a stranger as security to a new debt.

2. **Pledges:** NOTES.  Where a note valid between the parties has been
pledged, the pledgee may recover from the maker the whole
amount of the note.

3. ———: ———: ACTION BY PLEDGEE.  The pledgee of a note may,
upon its maturity, maintain an action thereon or enforce security
thereto, although the debt for which it is pledged is not yet due.

4. **Mortgages:** RIGHTS OF JUNIOR MORTGAGEE: PLEADING.  A junior
mortgagee in a foreclosure case who does not pray for a foreclos-
ure is entitled only to a decree fixing his priority and directing
distribution, in case of sale, accordingly.

APPEAL from the district court of Phelps county.
Heard below before BEALL, J.

*G. Norberg* and *John M. Stewart*, for appellant.

*Rhea Bros., A. J. Shafer, W. P. Hall,* and *S. A. Dravo,*
*contra.*

Irvine, C.

This action was brought by Seeley to foreclose a mortgage executed by Wickstrom and wife. N. D. Blackwell & Co. and the Bank of Wilcox were made defendants, they claiming liens on the mortgaged premises. Blackwell & Co. answered, alleging the execution by the Wickstroms to them on the 30th of September, 1890, of a mortgage to secure a note for $1,916.80. The Bank of Wilcox answered alleging the execution of a mortgage to it by the Wickstroms November 24, 1891. The Bank of Wilcox prayed for foreclosure of its mortgage. Blackwell & Co. merely prayed that the amount of their mortgage might be ascertained, and that all other liens be adjudged inferior thereto. On the trial the First National Bank of Holdrege was, on motion, substituted for Blackwell & Co., and Blackwell & Co.'s answer amended by substituting the name of the bank and interlining an averment that the note and mortgage of Blackwell & Co. belonged to the First National Bank. No exception was taken to this order. The court, by its decree, found that the plaintiff had a first lien, and found the lien in favor of the First National Bank of Holdrege superior to that of the Bank of Wilcox, and awarded a decree of foreclosure. The decree contained numerous findings establishing judgment liens in favor of others, but the Bank of Wilcox is the only appellant, and the priority as between it and the First National Bank of Holdrege is the only question presented for consideration.

The Bank of Wilcox claims that the proof shows that the Wickstroms, after having made the mortgage to Blackwell & Co., paid and thereby discharged the same, and thereafter delivered the same note and mortgage to the First National Bank as collateral security to another debt owed by the Wickstroms to that bank. It is therefore urged that this mortgage had served its purpose, and that such a transaction did not preserve the lien of that mortgage in favor of the First National Bank. An

examination of the evidence convinces us that it does not establish this state of facts. The note and mortgage were produced by the First National Bank, and an officer of that bank testified that the firm of Blackwell & Co., while in form a partnership, consisted merely of Mr. Updike, the former president of the First National Bank, and that it was the custom of that bank to have mortgages to secure debts owing to it made to Blackwell & Co. and turned over to the bank. It is true that on cross-examination it developed that this witness' testimony was largely hearsay; but he was the only witness in the case. The evidence went in without objection, and the only foundation for the claim of the appellant is an answer of this same witness, which is subject to the same criticism as the testimony just referred to. While this witness several times states that the note and mortgage are held by his bank as collateral security to a debt of Wickstrom's, and while he produces the note and the mortgage and shows that they are in the possession of the bank, the inference is just as strong that the original debt for which the mortgage was executed was to the bank as that it was to Blackwell & Co.; while the only evidence that it was to Blackwell & Co., and was paid, is clearly hearsay and a general statement, without specific facts.

It is further contended that the decree cannot, in any event, be sustained, because of the absence of any evidence as to the amount due the bank for which the mortgage stood as collateral. But where a note is valid as between the parties, and has been pledged, the pledgee may recover against the maker the whole amount due, retaining any surplus for the benefit of the beneficiary entitled. (*Haas v. Bank of Commerce*, 41 Neb., 754; *Barmby v. Wolfe*, 44 Neb., 77.) The note in evidence renders the amount due only a matter of computation.

It is also contended that as the note was held as collateral security, and the debt for which it was pledged was not due, there could be no foreclosure. In the whole case the argument turns too much upon the unexplained

use by the sole witness of the term "collateral." As we have indicated, the evidence would sustain a finding that the original debt was to the bank, and the bank held the note as principal and not as collateral security. Conceding that it was held as collateral security, it was overdue, and the pledgee might enforce this security even before the principal debt to the pledgee became due, holding the proceeds as continuing security for the debt. This line of argument, however, raises one point which requires a modification of the decree. The First National Bank did not ask a foreclosure. It merely asked a decree adjudging its priority. The plaintiff having been found to have the first lien and to be entitled to foreclosure, and the First National Bank not asking foreclosure, the decree should not have awarded foreclosure unless both debts should be paid within the period fixed. It should permit a redemption by the payment of those liens which were sought to be foreclosed, and should merely have decreed distribution, in case of sale, of the surplus in satisfaction of the lien of the First National Bank. Instead of taking this course the district court entered a decree providing for a sale of the premises unless all the adjudged liens should be paid. The judgment of the district court is reversed for this reason and the cause remanded, with directions to so modify the decree as to order a sale only in case the debts due to the plaintiff and the Bank of Wilcox be not paid within twenty days from the modification of the decree. In case there be a redemption within that period from the plaintiff's mortgage, and not from that of the Bank of Wilcox, then the land to be sold subject to the mortgage of the First National Bank. In case there be no redemption, then the land should be sold and the proceeds applied to the payment of the liens in the order of their priority as fixed by the present decree. The record disclosing that there have been redemptions from various judgment liens, the decree in this respect is left to the settlement of the district court.

REVERSED AND REMANDED.