# Elk Valley Coal Company, et al v. Third National Bank of Lexington, Kentucky.

(Decided February 26, 1914.)

## Appeal from Muhlenberg Circuit Court.

1. Bills and Notes—Holder in Due Course—Evidence.—In an action on a note, evidence considered, and held that plaintiff was a holder in due course.
2. Bills and Notes—Collateral Security—Lien—Holder in Due Course—Kentucky Statutes, Section 3720b, Sub-section 28.—One who holds a note as collateral to secure another note is a holder for value only to the extent of his lien, and where the principal obligation is for a less sum than the collateral note, and the maker of the collateral note has a good defense against the pledgor of that note, it is error to give judgment in favor of the pledgee for the full amount of the collateral note.
3. Bills and Notes—Collateral—Maker—Right to Exhaust Other Collateral.—The maker of a collateral note cannot compel the pledgee before enforcing it to exhaust other securities held by him for the principal debt, even though the maker has a set-off available against the pledgor.
4. Bills and Notes—Pledgee—Right to Enforce Collection.—A pledgee of collateral has the right to enforce collection thereof even though the principal debt is not due.

T. B. McGREGOR, ORA E. HAZELIP, M. M. LOGAN and TAYLOR & EAVES for appellants.

WILLIS & MEREDITH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On August 30, 1909, the Elk Valley Coal Company executed and delivered to H. C. Thompson its promissory note by which it agreed to pay to his order the sum of $2,500 four months thereafter. The note was endorsed by J. M. Thompson. On October 20, 1909, the note was discounted by the Third National Bank of Lexington, Kentucky, and the proceeds paid to H. C. Thompson. When the note became due it was presented for payment, and payment being refused it was dishonored, and notices of dishonor duly mailed to the defendants.

During the year 1911, plaintiff, Third National Bank, brought this action against defendants, Elk Valley Coal Company, J. M. Thompson and H. C. Thompson, to recover on the note in question. Defendants, Elk Valley

Coal Company and J. M. Thompson, pleaded by way of defense that the note was executed to H. C. Thompson by the coal company, and endorsed by J. M. Thompson, for the sole purpose of having H. C. Thompson discount the note at the First National Bank at London, Kentucky, and obtain the proceeds for the Elk Valley Coal Company, but that the Elk Valley Coal Company found that it did not need the money, and directed that the note be returned. Instead of returning it, H. C. Thompson discounted the note to plaintiff, and applied the proceeds to his individual use.

At the conclusion of the evidence the trial court peremptorily instructed the jury to find for plaintiff in the amount of the note sued on. Judgment was entered accordingly, and the coal company and J. M. Thompson appeal.

The evidence leaves no doubt that the note in question was discounted by the bank and the proceeds paid to H. C. Thompson. It also clearly appears that at the time the note was discounted the bank had no knowledge of any infirmity or defect therein, or of such facts that its action in taking the instrument amounted to bad faith. Plaintiff was, therefore, entitled to a peremptory, but in our opinion judgment was given for more than the bank itself was entitled to recover. According to the depositions given by the officers of the bank, H. C. Thompson, on June 13, 1910, executed to the bank a note for $2,674.85. The bank then attached to this note the note of the Elk Valley Coal Company for $2,500, and seven bonds for $500 each of the New Bell Jellico Coal Company. Both the bank officers say that from that time on the note sued on in this action was held merely as collateral security for the note of $2,674.85, above referred to. Afterwards six of these bonds held as collateral were released, and H. C. Thompson submitted therefor a $1,000 note executed by R. M. Jackson. The note for $2,674.85 was carried for some time, and certain payments were made thereon, amounting to $526.50. After these payments H. C. Thompson, on October 13, 1911, executed to the bank his note for $2,148.35, payable in three months. The note sued on in this action was also attached to this latter note as collateral security. The note sued on was never paid, surrendered or re-negotiated. While it is not exactly clear why the note sued on, which was originally discounted by the bank, after-

wards came to be used as collateral security, we take it that this was merely the bank's method of handling H. C. Thompson's acounts. At any rate the bank officers both testified that at the time they gave their depositions all that H. C. Thompson owed the bank was $2,148.35, with interest from October 13, 1911, and that the note sued on was held merely as collateral to secure that note. While the defense interposed by the coal company and J. M. Thompson, if established, is available against H. C. Thompson, it is not available against the plaintiff bank. Under these circumstances, however, the bank, being a pledgee, is a holder for value only to the extent of its lien, section 3720b, sub-section 28, Kentucky Statutes, and can recover only to the extent of the debt for which it holds the note sued on as collateral security. 31 Cyc., 889. Brown v. Calloway, 41 Ark., 418; Fisher v. Ames, 98 Mass., 303; St. Paul National Bank v. Connor, 46 Minn., 95, 48 N. W., 526, 24 Am. St. Rep., 189; Union National Bank v. Roberts, 45 Wis., 373; Chicopee Bank v. Chapin, 8 Metc. (Mass.), 40; Mersick v. Alderman, &c., 77 Conn., 634; Payne v. Zell, 98 Va., 294. It follows that the trial court should have given judgment in favor of the plaintiff for only $2,148.35, with interest from October 13, 1911, instead of for the full amount of the note sued on.

There is no merit in the contention that defendants are entitled to have plaintiff exhaust the other collateral before enforcing the note sued on. It is well settled that the maker of a collateral note cannot compel the pledgee, before enforcing it, to exhaust other securities held by him for the principal debt, even though the maker has a set-off available against the pledgor. 31 Cyc., 887; Dalleman v. Novia Scotia Bank, 54 Ill. App., 600; Hays v. Bank of Commerce, 41 Neb., 754, 60 N. W., 85.

Nor is the fact that the principal obligation was not due at the time of bringing the suit available as a defense. The pledgee has the right to enforce the collection of a collateral even though the principal debt is not yet due. Seely v. Wicstrom, 49 Neb., 730, 68 N. W., 1017; Field v. Sibley, 74 N. Y. App. Div., 81, 174 N. Y., 510, 66 N. E., 1108.

When the trial court rendered judgment for the plaintiff, it at the same time transferred the case to equity for the purpose of adjusting the conflicting rights of the coal company and J. M. Thompson on the one side, and

of H. C. Thompson on the other. On a return of the case he will determine which of these parties is entitled to the balance of the $2,500 note sued on, over and above the judgment herein directed to be rendered in favor of the plaintiff.

For the reasons given the judgment is reversed, with directions to enter judgment in favor of plaintiff for $2,148.35, with six per cent interest thereon from October 13, 1911, until paid.