EDWARDS et al. v. GOODE.

(Circuit Court of Appeals, Fifth Circuit. January 4, 1916.)

No. 2727.

1. BILLS AND NOTES ⬅️138—EXTENSION OF TIME OF PAYMENT—"RENEWED."

Evidence that notes were "renewed" by one of the makers imported that, so far as he was concerned, they were made new again, so as to be considered as if made anew on the same terms, but of the date of the taking effect of the renewal (citing Words and Phrases "renew").

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 338, 339; Dec. Dig. ⬅️138.]

2. PRINCIPAL AND SURETY ⬅️104—DISCHARGE OF SURETY—EXTENSION OF TIME OF PAYMENT.

The renewal of notes before maturity by the principal maker only, so that they were to be considered as if made anew upon the same terms as of the date of the taking effect of the renewal, extended the time of payment and discharged sureties, as such renewal put it out of the power of the surety to pay the debt at maturity and resort to his remedy against the principal.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 186–190, 193–195, 197–200; Dec. Dig. ⬅️104.]

3. PRINCIPAL AND SURETY ⬅️127—DISCHARGE OF SURETY—EXTENSION OF TIME OF PAYMENT.

A stipulation in notes that after maturity the time of payment might be extended from time to time by any one or more of the makers without the knowledge or consent of any of the others, and that the liability of all parties should remain as if no such extension had been made, did not cover an extension of the time of payment before maturity, as the extension stipulated for did not prevent makers who were sureties for other makers from paying the note at or before maturity and having recourse against their principal.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 352–355; Dec. Dig. ⬅️127.]

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4 TRIAL ⬤⇒282—INSTRUCTIONS—SUFFICIENCY OF EXCEPTIONS.

In an action on notes containing a stipulation that after maturity the time of payment might be extended by any of the makers without the knowledge or consent of any of the others, defendants alleged that they signed merely as sureties, and that before the maturity of the notes, for a valuable consideration, and without their consent or knowledge, the payee granted to the principal an extension of the time of payment, and thereby discharged them from liability as sureties. There was evidence that such extension was granted for a valuable consideration, after the maturity of one of the notes, and before the maturity of the other. Defendants excepted at the close of the charge to the court's failure to submit to the jury the issue, made by the pleadings, that the notes were extended before maturity without the consent of the defendants. *Held*, that this exception so called attention to an issue raised by the pleadings and the evidence as to put upon the court the duty of submitting such issue to the jury by appropriate instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 695, 696; Dec. Dig. ⬤⇒282.]

In Error to the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Action by V. Goode against J. A. Edwards and another. Judgment for plaintiff, and defendants bring error. Reversed, unless remittitur is entered.

Ben H. Stone, of Amarillo, Tex., for plaintiffs in error.
Thomas F. Turner, of Amarillo, Tex., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and SPEER, District Judge.

WALKER, Circuit Judge. This was an action against two of the four signers of two promissory notes, one for $2,000, payable six months after its date, and the other for $1,500, payable three months after its date, each of which contained the following stipulation:

"We agree that after maturity the time of payment may be extended from time to time by any one or more of us without the knowledge or consent of any of the others of us, and after such extension the liability of all parties shall remain as if no such extension had been made."

The defendants duly set up as a defense that a signer of the notes, who was not sued, was the principal thereon, that the defendants signed each of the notes merely as sureties, and that before the maturity of the notes and for a valuable consideration, to wit, $50, and without the consent, knowledge, or acquiescence of defendants, or either of them, the plaintiff, the payee of the notes, granted to the principal an extension for six months on the $2,000 note and an extension for three months on the $1,500 note, and thereby discharged the defendants as such sureties from any liability thereon. There was evidence tending to prove that the defendants were sureties, and that the plaintiff, for a consideration of $50 paid to him by the principal, and without the knowledge or consent of the defendants, "renewed" the two notes after the maturity of the one for $2,000, but before the maturity of the one for $1,500. At the conclusion of the court's charge to the jury an exception was duly reserved by the defendants to the failure of the court

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to submit to the jury the issue made by the pleadings that the notes were extended before maturity without the consent of the defendants. The court did not give the jury any instruction on that issue, nor submit it to them in any way.

[1-3] We are of opinion that the evidence as to the notes having been "renewed" by one of the makers imported that so far as he was concerned they were made new again, so that they were to be considered as if made anew in the same terms, but of the date of the taking effect of the renewal. 7 Words and Phrases, 6085. An effect of such renewal was to extend the time of payment for the same period the notes originally had to run. By the payee's grant to the principal before maturity of such an extension of the time of payment a surety is discharged, because the creditor, by so giving time to the principal, puts it out of the power of the surety to pay the debt at maturity and then resort to his remedy against the principal. Union Life Insurance Co. v. Hanford, 143 U. S. 187, 12 Sup. Ct. 437, 36 L. Ed. 118. The stipulation in the notes that the liability of none of the makers should be affected by an extension of the time of payment after maturity did not cover such an extension before maturity, as that stipulation did not stand in the way of a surety paying the note at or before maturity and then having recourse against the principal, thus avoiding the risk of his right to proceed against the principal becoming a less valuable one as a result of a subsequent change for the worse in the latter's financial condition.

[4] The exception above mentioned so called attention to an issue in the case which was raised by the pleadings and the evidence therein as to put upon the court the duty of submitting that issue to the jury by appropriate instructions. It was error for the court to fail to do so. This error did not affect the recovery on the $2,000 note, as there was no evidence to support the issue mentioned so far as that note was concerned. As we find no other reversible error in the record, the conclusion is that the judgment should be reversed, unless the plaintiff, the defendant in error here, within 30 days from the filing in the District Court of the mandate of this court, shall file in the District Court a remittitur of three-sevenths of the amount of the judgment, a certified copy of such remittitur to be filed with the clerk of this court—the judgment to be affirmed, if the stated condition shall be complied with: and it is so ordered.