ROBERTSON et al. v. BLOWER.

(Circuit Court of Appeals, Fifth Circuit. March 12, 1920.)

No. 3403.

1. PRINCIPAL AND SURETY ⬤⇒105(2)—RECEIVERS ⬤⇒95—RECEIVER'S EXTENSION OF TIME FOR PAYING RENT HELD NOT TO DISCHARGE SURETIES; RECEIVER CANNOT MODIFY CONTRACT MADE PURSUANT TO COURT'S ORDER.

Since a receiver is without authority to change the terms of a contract made by him officially pursuant to an order of the court, where the court did not consent to the receiver's changing the terms of a lease made by the receiver, the receiver's extension, without the consent of the sureties for rent, of the time for paying the rent, did not discharge the sureties; the receiver's attempted extension having no effect.

2. PRINCIPAL AND SURETY ⬤⇒104(1)—REASON FOR DISCHARGE OF SURETY BY EXTENSION OF TIME.

The reason for giving to an extension of the time of payment, made without a surety's consent, the effect of discharging the surety, is that the creditor, by so giving time to the principal, puts it out of the power of the surety to pay the debt when due, and then resort to his remedy against the principal.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Action by J. W. Blower, receiver of the Ohio & Texas Sugar Company, against S. A. Robertson and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Sam Spears, of San Benito, Tex., for appellants.

Sam Streetman and Robert H. Kelly, both of Houston, Tex., for appellee.

Before WALKER, Circuit Judge, and GRUBB and CALL, District Judges.

WALKER, Circuit Judge. [1] This was an action by the appellee, suing as the receiver of the Ohio & Texas Sugar Company, against the appellants, the principal and sureties in a lease contract made with such receiver, pursuant to authority conferred by an order of the court which appointed the receiver. By consent of the parties the case was tried by the court without a jury. The lease provided for the payment of the stipulated rent in installments at stated dates. The lessee assigned the lease to the San Benito Sugar Manufacturing Company, which paid several of the installments of rent. The sureties in writing consented to an extension on a balance due under the lease. After the expiration of the time of the extension so agreed to, the San Benito Sugar Manufacturing Company sent to the receiver its voucher check as follows:

"Voucher No. 1147.                    San Benito, Texas, January 21, 1913.
"San Benito Sugar Mfg. Co. to J. W. Blower, Rec'r Ohio & Texas Sugar
                            Company, Dr.
    "Payment account Rental of Ohio & Texas Mill, $2,000.00.
    "Balance to be extended to July 10, 1913.
    "Audited: W. E. Funk.                    Approved: W. C. Shaw.
                    "Voucher Check.
    "Pay to the order of J. W. Blower, receiver of Ohio & Texas Sugar Company, $2,000.00, two thousand and no/100 dollars in full settlement of above account.
    "Not over $2,000.
"To Farmer's State Guaranty Bank, San Benito, Texas.
                            "San Benito Sugar Mfg. Co.,
                            "By J. C. Miller, for 1st Vice President."

On the back of that instrument was the following:

"Indorsements: This voucher check is a payment in full of the within account, and it is agreed that the payee's indorsement shall constitute an acknowledgment of such payment.                    J. W. Blower, Receiver,
                            "Ohio & Texas Sugar Co."

That check was paid, leaving a balance which, under the terms of the lease, was past due. The receiver testified that before that payment was made he had a verbal agreement with the lessee that there would be an extension of six months of the balance then owing on the lease contract, upon payment of $2,000 and 6 per cent. interest to January 10, 1913, on said balance. The lessee testified that he did not have such an agreement with the receiver. The sureties had no knowledge of the making of the $2,000 payment until after this suit was brought, and did not consent to any extension other than the one consented to in writing. They resisted the claim asserted on the ground that the time for payment of rent due was extended without their consent. There was a judgment or decree against the lessee and his sureties for the amount of rent found to be due. The single assignment of error is that the court erred—

"in holding that the extension set up in defendant's original answer and established by the evidence did not release them from their obligation as sureties."

We are not convinced that the evidence was such as to require a finding that the cashing of the $2,000 voucher check had the effect of an agreement by the payee to extend the time of payment of the balance due or owing on the rent. There was a phase of the evidence furnishing support for a finding that the making and cashing of that check followed the making of an agreement between the lessee and the receiver for an extension upon the payment of $2,000 and interest to January 10, 1913, on the balance due under the lease, and that the receiver accepted the check and had it cashed with the understanding that the stipulated interest also was required to be paid for the "balance to be extended." But, even if the receiver personally consented to an extension, the trust estate in his charge was not bound by such action, taken without being authorized by the court which appointed him. A receiver is without authority to change the terms of a contract made by him officially pursuant to an order of the court. Chicago Deposit Vault Co. v. McNulta, 153 U. S. 554, 14 Sup. Ct. 915, 38 L. Ed. 819. There was no evidence that the receiver in accepting and cashing the check mentioned, acted under any authority given by the court. The court not having consented to a change of the terms of the lease contract, its enforceability was not affected by the conduct of the receiver which is relied on.

[2] The reason for giving to an extension of the time of payment, made without a surety's consent, the effect of discharging the surety, is that the creditor, by so giving time to the principal, puts it out of the power of the surety to pay the debt when due and then resort to his remedy against the principal. Union Life Insurance Co. v. Hanford, 143 U. S. 187, 12 Sup. Ct. 437, 36 L. Ed. 118; Edwards et al. v. Goode, 228 Fed. 664, 143 C. C. A. 186. This reason does not exist so long as the contract remains enforceable according to its terms. The lease contract here in question remained enforceable according to its terms, because a change of its terms was not authorized by the court, under the order of which it was made. An unauthorized act of the receiver in undertaking to extend the time of payment of installments of rent constituted no legal obstacle to the payment by the sureties of such installments when due and then resorting to their remedy against their principal. A surety is not discharged by an occurrence which does not stand in the way of his satisfying the demand at maturity and then having recourse against his principal. So far as appears, the exercise by the sureties of their right to proceed against their principal was not postponed without their consent. As the evidence did not show that anything occurred which put it out of the power of the sureties to pay the installments of rent when due, their claim that they had been discharged from the liability asserted against them was not sustained.

It follows that the decree appealed from should be, and it is, affirmed.