MID-WEST STATE BANK, Appellee, v. G. F. STRUBLE, Appellant.

**PRINCIPAL AND SURETY:** **Release of Surety—Non-applicability of**
1 **Principle.** The maker of a fraud-induced promissory note may not claim, against a collateral holder in due course, that he is released on the note because, without his consent, the collateral holder extended payment on the payee's note *for which* the fraud-induced note was collaterally pledged, on the theory that the act of collaterally pledging constituted the payee a principal and the maker a surety.

**APPEAL AND ERROR:** **Abstracts of Record—Denial—Effect.** Appel-
2 lant's assertion in his abstract of a fact relative to the filing of a motion availeth nothing in the face of a direct denial by appellee unless the assertion is sustained by a transcript of the record.

Headnote 1:  8 C. J. p. 446.  Headnote 2:  4 C. J. p. 519.

*Appeal from Monona District Court.*—C. C. HAMILTON, Judge.

FEBRUARY 15, 1927.

The defendant appeals from a judgment against him upon a promissory note.—*Affirmed.*

*Prichard & Prichard,* for appellant.

*A. W. Johnson* and *Underhill & Miller,* for appellee Midwest State Bank.

*Louis B. Forsling, Robert B. Pike,* and *Larned F. Brown,* for receiver, appellee.

MORLING, J.—The original plaintiff will be referred to as such, though the action is now prosecuted by its receiver. The note sued upon was originally made to W. J. Donlin. Donlin indorsed it to plaintiff, as collateral security for a loan made by plaintiff to Donlin. Donlin procured the note sued upon by fraud. Plaintiff is a holder in due course.

I. Defendant's main contention is that plaintiff extended the time of payment of the note given by Donlin to plaintiff, for which Donlin pledged defendant's note as security; that

**1. PRINCIPAL AND SURETY: release of surety: non-applicability of principle.** such extension of Donlin's note was without the consent of the defendant; that, as defendant was not liable to Donlin on the note, and as plaintiff held it merely as security, the defendant's liability to plaintiff was, in substance, that of surety for Donlin, and defendant was released by the extension. Defendant's contention is also that Donlin, at the time that the extension was granted, was able to pay his indebtedness, but afterwards became insolvent.

The defendant was not a party to Donlin's contract with the plaintiff. He was not in any sense a surety for the payment of Donlin's note to plaintiff. Extension of time to a principal discharges the surety, because the contract for the performance of which he became surety is thereby altered without his consent. See cases cited in 32 Cyc. 193. Or, as said in *Union Life Ins. Co. v. Hanford*, 143 U. S. 187, 191:

"* * * because the creditor, by so giving time to the principal, puts it out of the power of the surety to consider whether he will have recourse to his remedy against the principal, and because the surety cannot have the same remedy against the principal as he would have had under the original contract; and it is for the surety alone to judge whether his position is altered for the worse."

See, also, *Robertson v. Blower*, 263 Fed. 695.

The extension of time granted by plaintiff to Donlin on Donlin's note in no wise changed the obligation represented by defendant's note. The plaintiff was entitled to recover upon defendant's note after its maturity, although Donlin's note, for which defendant's note was held as collateral, was not due. *Seeley v. Wickstrom*, 49 Neb. 730 (68 N. W. 1017); *Field v. Sibley*, 74 App. Div. 81 (77 N. Y. Supp. 252), affirmed 174 N. Y. 514 (66 N. E. 1108). Defendant became absolutely liable upon his note when the plaintiff acquired it in due course, and plaintiff was under no duty, as against defendant, the maker, to present it for payment. Code of 1924, Section 9530.; *Bank of Montreal v. Ingerson*, 105 Iowa 349, 357; *Binghampton Pharmacy v. First Nat. Bank*, 131 Tenn. 711 (176 S. W. 1038).

We are of the opinion that the court committed no error in overruling the defendant's motion for an instructed verdict grounded on the extension of time of payment of the Donlin note.

II. Defendant complains of failure to instruct upon various propositions, and also complains of instructions given. The record shows no request for instructions, and no exceptions to the instructions as given. Defendant also complains that he was not given the opening and closing arguments. His abstract shows a motion that he be allowed the opening and closing, but the amendment to the abstract denies that any such motion was made, and defendant has failed to sustain the statement in his abstract with a transcript. We are of the opinion that no error appears.

2. APPEAL AND ER-
ROR: abstracts
of record: de-
nial: effect.

The judgment is—*Affirmed.*

EVANS, C. J., and DE GRAFF and ALBERT, JJ., concur.