**Ethel Bell EVERETT, Appellant,**

v.

**Harold Thomas EVERETT, Jr., Appellee.**

**No. 2728.**

Municipal Court of Appeals for the District of Columbia.

Argued March 20, 1961.

Decided May 19, 1961.

Richard A. Mehler, Washington, D. C., with whom George J. Goldsborough, Jr., and Charles P. Hovis, Washington, D. C., were on the brief, for appellant.

Myer Koonin, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11-776(b).

QUINN, Associate Judge.

Appellee filed a complaint for absolute divorce on the ground of desertion for two years. The wife answered denying the charge and counterclaimed for maintenance. She did not appear at trial but was represented by court-appointed counsel. The case was tried in April 1960, and at the conclusion of the evidence the court awarded appellee an absolute divorce. In July, through employed counsel, the wife filed a motion to set aside the judgment with supporting affidavits. The first, that of the wife, asserted that the separation, which occurred in August 1957, was the result of appellee's wrongdoing in that he left the marital home of the parties against her will and refused to allow her to accompany him to his new place of residence, which he subsequently established in the District of Columbia; that since the desertion she has had no means of support, and has been unable to obtain employment because of a physical disability. The second affidavit, that of her physician, recited that appellant in early childhood had been crippled by infantile paralysis, and that she suffered from chronic arthralgia of the left shoulder which rendered her unable to travel during the period January through May 1960.

At the hearing on the motion in September 1960 appellant testified that after appellee moved to the District to complete his education at a local university, he requested her to remain at home in South Carolina where he would later rejoin her. In addition to appellant's testimony, three letters she had received from appellee were received in evidence. The first, dated July 3, 1957, read in part:

"You are still my wife. After I finish school, we shall live together again and when I go to Washington, I will come to see you on school holidays. I cannot pass up Howard—I love you, you know that, but as long as I go to school, it is best we stay apart."

Eight days later he wrote:

"* * * This going to school on my part, you know consumes all of my time and attention, and I cannot treat you properly."

On April 10, 1958, some nine months after appellee alleged that appellant had deserted him, he wrote:

"Also, I promise never to shame you about school. I know most people around there are probably giving you a rough time concerning me. But remember when I was in the Army they said I was never going to return to you but I did, and as soon as I square away my debts I will again come back to you that's a promise. * * *"

■ Although present at the hearing, the husband did not take the stand to explain or challenge the import of those letters. We think his failure to explain the statements set forth in the April letter should have given rise to an inference that his testimony would not have been favorable to his own case. However, the court, in denying the motion, held that appellant had "failed to prove convincingly the allegations and charges contained in said motion and her affidavit in support thereof."

■ According to the record, appellee claimed his wife deserted him in August 1957, and yet some nine months later he wrote her that he planned to return to her as soon as he had paid his debts. It is difficult to reconcile this evidence with the court's statement that appellant's testimony as to the desertion was not convincing. We believe it was incumbent upon appellee to introduce some evidence on the alleged desertion after the introduction of the April letter because it could have raised an inference of justification for the wife's remaining in South Carolina and also lent color to her contention that he had deserted her. In these circumstances we believe that the motion should have been granted. We hold that the best interests of both parties will

be served by the award of a new trial. Remanded with instructions to vacate the judgment and grant a new trial.

It is so ordered.