Edmund W. DREYFUSS, Appellant,

v.

Hilmen J. LUND, Appellee.

No. 3843.

District of Columbia Court of Appeals.

Argued Feb. 14, 1966.

Decided March 24, 1966.

Bardyl Rifat Tirana, Washington, D. C., with whom Gilbert Hahn, Jr., Washington, D. C., was on the brief, for appellant.

Mark P. Friedlander, Washington, D. C., with whom Mark P. Friedlander, Jr., Blaine

P. Friedlander, Washington, D. C., and Harry P. Friedlander, Arlington, Va., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

In this action by a broker for commission on the sale of realty, defendant moved for judgment at the close of plaintiff's case, stood on the motion and offered no testimony. The trial court made written findings of fact and conclusions of law and awarded judgment to plaintiff. The case is here on defendant's appeal.

Plaintiff's evidence may be summarized as follows: Having obtained a listing agreement on property owned by Wasserman, the broker in 1959 procured Bell as a tenant. Wasserman and Bell entered into a lease, to terminate on March 31, 1964. This lease was "subject to the conditions attached," which conditions gave the tenant an option to purchase, terminating on March 31, 1963, and an option for a second five-year term. The conditions further provided that the broker would continue to receive a 5% commission on rentals on any extensions of the lease, and in case of a sale to the tenant a commission in the same percentage, as provided in the listing agreement.

On April 6, 1961, Wasserman made a contract for sale of the property to appellant Dreyfuss, the sale being subject to the Bell tenancy and Bell's option to renew the lease, "together with the added rental conditions as indicated on the attached list." That attached list was a verbatim repitition of the conditions attached to the Wasserman-Bell lease. On April 30, 1962, Bell received notice of the assignment of his lease to Dreyfuss. On October 30, 1962, Bell sought to exercise his purchase option and Dreyfuss then refused the offer. But on February 28, 1963, more than a month before the expiration of the Wasserman-Bell purchase option, a new lease was made by Dreyfuss with a straw party, Lowe, who immediately assigned to Bell. The new lease was not to be effective until the expiration of the Wasserman-Bell lease. It included a new purchase option clause, but made no provision for commissions to appellee-broker. In April, 1964, the new purchase option was exercised, and Dreyfuss sold the property to Bell. Dreyfuss later tendered a check to appellee in payment for all commissions due as of June 30, 1964, a time three months subsequent to the expiration of the Wasserman-Bell lease. But because the check was tendered with an endorsement "in full payment of all money due as fees or commissions due now or in the future" it was refused, and the broker then brought this action for his commission on the sale. Having made his showing, plaintiff-broker rested, and as we have said, defendant offered no evidence and stood on his motion for judgment.

The question to be decided is whether, under the circumstances recited, Dreyfuss became liable for the broker's commission. And that question depends on the interpretation to be given to the Wasserman-Dreyfuss sales contract and the "attached conditions" which were made part thereof.

The uncontradicted testimony of Bell established that he received notice from Dreyfuss that Wasserman was no longer his landlord and that the rent payments were to be made to Dreyfuss instead of to Wasserman; and that Bell's written election in October 1962, to exercise his purchase option was sent to both Wasserman and Dreyfuss, because Bell had been notified that the lease had been assigned to Dreyfuss.

The effect of the "conditions" was to incorporate by reference the 1958 listing agreement and to affirm that the plaintiff-broker was the "sole agent" for purposes of rental and sale and entitled to commissions as such. This expressed an intention and obligation to honor the broker's right to commission. And—so the trial court specifically found—when Dreyfuss bought the property from Wasserman he assumed the

obligation of Wasserman to pay the broker's commission. As the trial court stated: "This was the clear intent of the contract between Wasserman and Dreyfuss because the parties went to the trouble of not only providing that the property was purchased subject to the lease but attaching to the contract of sale a copy of the 'conditions' in the lease providing for the payment of the real estate commission. Dreyfuss clearly indicated that this was the intent by continuing to pay the commission on the rentals under the original lease and also under the new lease which commenced on April 1, 1964." On the uncontradicted testimony, this ruling was fully justified.

 Appellant contends he is not liable because the sale occurred in June 1964, after the purchase option had expired. As to this the trial judge ruled that the delay of the sale until after the expiration of the purchase option, and until after the expiration of the lease itself, was an "attempt to avoid the obligation to pay a sales commission to the plaintiff." This ruling is amply supported by the evidence. The lease to the straw party was made on February 28, 1963, prior to the termination of the purchase option, to be effective upon the expiration of the Wasserman-Bell lease. Dreyfuss and Bell could not, by omitting the broker's name, destroy his right to commission. Nor could this be accomplished by the tactic of delaying the exercise of the option until the first lease had expired.

 Our decision here is not at odds with Schwartz v. Brown, D.C.Mun.App., 64 A.2d 298. There we held that a subsequent purchaser was not bound to pay commissions under a continuing tenant's lease with an earlier owner. The purchaser had bought the property "subject to the present lease," but the lease provided for a termination of the tenancy by a sixty-day notice to the lessee upon a sale of the property. The purchaser did terminate the tenancy and entered into a new lease with the tenant on new terms. (In this case there was no termination clause). We held that although a lease may be an encumbrance, the inclusion of a commission clause in a lease does not establish it as an obligation having the dignity of an encumbrance. In the present case the original owner and the subsequent purchaser intended that the latter should assume the obligation to pay the broker's commissions. So the trial judge found, and so he was justified in finding, under the familiar rule that on a motion for judgment, the evidence is to be viewed in a light most favorable to plaintiff; also under the rule that when a defendant in a civil case elects to present no testimony, evidentiary inferences may be drawn against him. See Everett v. Everett, D.C.Mun.App., 170 A.2d 779.

Affirmed.